**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERICA GREEN,

    Plaintiff,

v.                                                                            Case No: 8:14-cv-1950-T-30MAP

CAPITAL ONE,

    Defendant.

_____

**ORDER**

THIS CAUSE comes before the Court upon Defendant Capital One's Motion to Dismiss and Memorandum of Law in Support (Dkt. 11), *Pro Se* Plaintiff's Motion for Leave to File Amended Complaint and Memorandum of Law in Support (Dkt. 12), and Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 15). Upon review and consideration, it is the Court's conclusion that the motion to dismiss should be granted and the motion for leave to file an amended complaint should be granted in part and denied in part.

**BACKGROUND**

*Pro Se* Plaintiff Erica Green filed a complaint against Defendant Capital One on August 12, 2014, alleging Defendant's violation of the Fair Credit Reporting Act. Defendant filed a motion to dismiss the complaint on October 27, 2014. Plaintiff did not submit any opposition to the motion to dismiss, but instead filed a motion for leave to file an amended complaint on November 4, 2014.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

*Pro se* Plaintiff's complaint is difficult to decipher. The complaint contains numerous factual allegations regarding Defendant's provision of inaccurate information to consumer reporting agencies. Based on these allegations, Plaintiff seeks damages for Defendant's alleged "willful acts, noncompliance, and negligent violations of the 'Fair Credit Reporting Act'". (Dkt. 1). However, the complaint's allegations do not create a private cause of action for Plaintiff under the Fair Credit Reporting Act ("FRCA"). *See Green v. RBS Nat. Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (holding that the FCRA does not provide a private right of action to redress violation of § 1681s–2(a) of the FRCA, which requires furnishers to submit accurate information to consumer reporting agencies.) Insofar as Plaintiff's other claims are concerned - - e.g., those for damages - - it is difficult,

if not impossible, to figure out what the claims are against the Defendants and whether those claims state causes of action. Even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by attorneys, *see Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998), having reviewed the complaint, the Court concludes that because it does not include allegations that sufficiently support its only cognizable claim, it must be dismissed.

Plaintiff's proposed amended complaint suffers from similar deficiencies. Pursuant to Federal Rule of Procedure 15(a), a district court should allow amendment of a pleading after a responsive pleading has been filed "when justice so requires." However, a district court may deny a party leave to amend when such amendment would be futile. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262 (11th Cir.2004) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The denial of leave to amend for futility is justified when the complaint as amended is still subject to dismissal. *Id.* (citing *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir.1999)).

The Court, having reviewed Plaintiff's proposed amended complaint, concludes that it is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). While the proposed amended complaint contains references to numerous Florida statutes, it is unclear how these statutes are implicated by the factual allegations. For example, the proposed amended complaint purports to contain claims for libel under Florida law, but does not contain factual allegations that make out the elements for such a claim. Further, as with the original complaint, allegations concerning Defendant's furnishing false information to consumer rating agencies do not state a private cause of action upon which relief can be

granted. Accordingly, it is the Court's conclusion that Plaintiff's motion to amend complaint should be granted to the extent that Plaintiff is granted leave to file an amended complaint that complies with the Federal Rules of Civil Procedure, including Rule 8(a)(2), which requires a short and plain statement of the claim showing the Plaintiff is entitled to relief and the judgment the Plaintiff is requesting.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Capital One's Motion to Dismiss and Memorandum of Law in Support (Dkt. 11) is GRANTED without prejudice.

2. *Pro Se* Plaintiff's Motion for Leave to File Amended Complaint and Memorandum of Law in Support (Dkt. 12) is GRANTED to the extent that Plaintiff shall file an amended complaint that complies with Federal Rules of Civil Procedure within thirty (30) days of the date of this Order. Plaintiff's Motion for Leave to File Amended Complaint is DENIED to the extent that Plaintiff shall not file the proposed amended complaint attached to her motion for leave to amend (Dkt. 12).

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of December, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-1950 grant mtd deny leave to amend.docx