UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA GREEN,

    Plaintiff,

v.                                                Case No: 8:14-cv-1950-T-30MAP

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant Capital One Bank (USA), N.A.'s Motion to Dismiss Second Amended Complaint (Dkt. 23) and Plaintiff's Opposition (Dkt. 24). The Court, having reviewed the motion, opposition, and being otherwise advised in the premises, concludes that the motion should be granted. The Court will provide Plaintiff with a final opportunity to amend her complaint to state an actionable claim.

## BACKGROUND

*Pro Se* Plaintiff Erica Green filed a complaint against Defendant Capital One Bank (USA), N.A. on August 12, 2014, alleging Capital One Bank violated the Fair Credit Reporting Act ("FCRA"). Capital One Bank filed a motion to dismiss the complaint on October 27, 2014, arguing that the FCRA did not provide Green with a private cause of action under the alleged facts. The Court agreed and permitted Green to amend her complaint.

Green's first amended complaint now includes claims under Florida law. Specifically, the first amended complaint alleges: "Plaintiff's Cause of Action for Negligence, Defamation, and Libel" (Count I); "Plaintiff's Cause of Action for Injunctive Relief, Damages, and Punitive Damages" (Count II); and "Violation of § 501.204 of the Florida Statutes" (Count III) (Dkt. 22). The allegations in support of these claims stem from Capital One Bank's actions of providing false information to consumer reporting agencies with respect to Green's Capital One Bank credit card. Green alleges that Capital One Bank's actions resulted in a loss of over $75,000 in credit, income, and real property.

Capital One Bank moves to dismiss the first amended complaint in its entirety. Capital One Bank argues that the state-law tort claims are preempted by 15 U.S.C. § 1681t of the FCRA. Capital One Bank also contends that Green cannot state a claim under the Florida Deceptive Unfair Trade Practices Act ("FDUTPA") because Capital One Bank is a national banking association regulated under federal law.

Green's opposition does not really address the merits of Capital One Bank's motion. Rather, Green appears confused as to why Capital One Bank is arguing that her claims are preempted by the FCRA when Capital One Bank's first motion to dismiss argued that Green could not state a private action under the FCRA.[1]

---

[1] The Court agrees that Capital One Bank's contradictory motions to dismiss place Green in the untenable position of "heads I win, tails, you lose."

As set forth below, the Court grants Capital One Bank's motion. However, Green is permitted one more chance to amend to assert a claim under section 1681s-2(b)(1) of the FCRA.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

**I.      Capital One Bank's Preemption Argument**

Capital One Bank argues that Green's state-law claims of "negligence, defamation, and libel" (Count I) are preempted by the FCRA, specifically 15 U.S.C. § 1681t(b)(1)(F). The Court agrees. Green's allegations are based on Capital One Bank's alleged actions of providing false information to Consumer Reporting Agencies. "[B]ecause these

3

allegations concern [Capital One Bank's] reporting and investigating responsibilities under section 1681s-2, section 1681t(b)(1)(F) bars any state-law claim concerning this conduct." *Shenkman v. Ocwen Loan Servicing, LLC*, 2014 WL 5791060, at *4 (S.D. Ga. Nov. 6, 2014); *see also Hillerson v. Green Tree Servicing, LLC*, 2014 WL 5439593, at *3 (M.D. Fla. Oct. 24, 2015) (holding that plaintiff's state law claims "address[ed] a subject regulated under Section 1681s-2" and were therefore preempted by the FCRA under section 1681t(b)(1)(F)). Accordingly, Count I is dismissed.

## II. Capital One Bank's Argument That FDUTPA Does Not Apply

Count III is brought under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et. seq.* Capital One Bank argues that Count III must be dismissed because Capital One Bank is a national banking association regulated by the Office of Comptroller of the Currency.[2] The Court agrees. "FDUTPA specifically does not apply to banks regulated by federal agencies . . ." *Farrell v. Florida Republicans*, 2013 WL 5498277, at *6 (M.D. Fla. Oct. 1, 2013). Accordingly, Count III is dismissed.[3]

## III. Green May Amend Her Complaint A Final Time

The FCRA imposes *two* duties on a furnisher of credit information: a furnisher must submit accurate information to Consumer Reporting Agencies ("CRAs") under

---

[2] The Court may take judicial notice of this fact. *See Kaplan v. Regions Bank*, 2014 WL 129288, at *13 (M.D. Fla. Mar. 13, 2014).

[3] Count II, a purported claim for injunctive relief, damages, and punitive damages is also dismissed because it relies on Counts I and III. Moreover, it is inappropriate to plead a separate claim for "injunctive relief."

section 1681s-2(a), and must investigate and respond promptly to any notice of a consumer dispute regarding such information under section 1681s-2(b).  As this Court held in its December 4, 2014 Order (Dkt. 20), the FCRA does not provide a private right of action when a furnisher submits false information to a CRA in violation of section 1681s-2(a).  By contrast, a private right of action exists when a furnisher violates section 1681s-2(b), "but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."  *Green v. RBS Nat.* Bank, 288 Fed. Appx. 641, 642 (11th Cir. 2008) (citing 15 U.S.C. § 1681s-2(b)(1)).

A review of Green's factual allegations and the attachments to the first amended complaint suggests that Green may be attempting to assert a claim based on Capital One Bank's failure to investigate and respond, in violation of section 1681s-2(b). Notably, a furnisher of information is liable for a failure to investigate and respond only after receiving notice of a consumer dispute *from a CRA,* not from the consumer.  *See* section 1681s-2(b)(1); *Green,* 288 Fed. Appx. at 642.  Notice from a CRA thus constitutes a necessary element of a claim against a furnisher under section 1681s-2(b).  In other words, to sufficiently state a claim under section 1681s-2(b), Green must set forth facts alleging that a CRA informed Capital One Bank of her dispute.  Accordingly, Green is provided one more chance to amend her complaint to allege a claim under section 1681s-2(b).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Capital One's Motion to Dismiss Second Amended Complaint (Dkt. 23) is granted to the extent stated herein.

2. Plaintiff's First Amended Complaint (Dkt. 22) is dismissed.

3. Plaintiff may file an amended complaint if she has sufficient facts to allege a claim under the FCRA, specifically under section 1681s-2(b). The amended complaint shall be filed within twenty (20) days of this Order.

4. If Plaintiff does not file an amended complaint by the deadline stated herein, this action will be closed without further notice.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-1950 grant mtd 23.wpd